UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR STEVENS, #776148,

    Plaintiff,

v.

CASE NO. 2:18-CV-10619
HONORABLE SEAN F. COX

ANNA ANZALONE and the
39TH CIRCUIT COURT,

    Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner James Arthur Stevens ("Plaintiff"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan pleaded nolo contendere to first-degree home invasion and assault with intent to commit murder in the Van Buren County Circuit Court and was sentenced to concurrent terms of 13 to 20 years imprisonment and 17 to 20 years imprisonment in 2010. In his complaint, he alleges that his constitutional rights were violated during his state court post-conviction habeas proceedings. He names Lenawee County Circuit Court Judge Anna Anzalone and the 39th Circuit Court as defendants in this action and sues them in their official capacities for injunctive and declaratory relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

(quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's civil rights complaint is subject to summary dismissal.

### A. 39th Circuit Court Not an Entity Subject to Suit

As an initial matter, the Court notes that the Plaintiff's claims against the 39th Circuit Court must be dismissed because the state court it is not a proper defendant in this action. Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The United States Court of Appeals for the Sixth Circuit has thus held that a state court is not a "person" for purposes of 42 U.S.C. § 1983 and is not subject to suit under that provision. *See Mumford v. Basinski*, 105 F.3d 264, 287 (6th Cir. 1997); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Plaintiff's claims against the state court must therefore be dismissed.

### B. Subject Matter Jurisdiction

Plaintiff challenges the constitutionality of his state court post-judgment habeas proceedings, essentially asserting that he should have been given an in-person hearing on his habeas claims. In

part, he raises a due process "as applied" challenge to certain provisions of Michigan law, namely Mich. Ct. R. 3.3303(D) and Mich. Comp. Laws § 600.4316. This Court, however, lacks the authority to review any such claims under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "In determining the applicability of the *Rooker-Feldman* doctrine, federal courts . . . must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit is filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's "as applied" challenges to Michigan's habeas or collateral review provisions pursuant to the *Rooker-Feldman* doctrine. Plaintiff challenges the application of state court rules to his case. He complains that the state court orders are procedurally and constitutionally unsound and essentially asks the Court to overrule or vacate them. That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*. The complained of-injuries are the dismissals of his state habeas case and related actions, and those injuries are directly and solely traceable to the state court rulings and judgments. In other words, Plaintiff is turning to federal court to undo the state court judgments, *Exxon Mobil*, 544 U.S. at 293, and his "as applied" claims are based upon the premise that the state court judgments are invalid. The Court lacks subject matter jurisdiction over any such claims based upon the *Rooker-Feldman* doctrine. *See Carter v. Burns*, 524 F.3d 796, 799 (6th Cir. 2008) (affirming district court's dismissal of prisoner's "as applied" civil rights challenge to the constitutionality of Tennessee's collateral review statutes); *Moore v. People of State of Michigan*, No. 15-CV-12430, 2015 WL 5817932, *1-2 (E.D. Mich. Oct. 6, 2015) (citing *Rooker* and denying prisoner permission to file civil rights complaint challenging state courts' denial of post-judgment relief).

Moreover, Plaintiff's federal claims are barred even if they were not specifically presented in the state courts. A federal claim that calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state court proceeding; all that is required is that the federal plaintiff had the opportunity to present the issues involved to the state court. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (quoted with approval in *Wilde v. Ohio Veterinary Med. Licensing Bd.*, 31 F. App'x 164, 166 (6th Cir. Feb. 21, 2002)). Plaintiff had the opportunity to present his claims in the state trial court and/or the Michigan Court of Appeals. He could then appeal to the Michigan Supreme Court, and ultimately the United States Supreme Court, as necessary. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over his "as applied" constitutional challenges.

### C. Failure to State a Claim

Plaintiff also raises a due process facial challenge to Michigan habeas law and procedures. While such a claim is not barred by *Rooker/Feldman*, it is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted. A prisoner's right to due process only arises if a restriction or other conduct by state officials impedes a constitutionally-protected liberty interest. *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005). It is well-established, however, that a prisoner has no constitutional right to an appeal, *Abney v. United States*, 431 U.S. 651, 656 (1977), or to post-conviction collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (stating that "it is clear that the State need not provide any appeal at all" and that this consideration applies "with even more force to postconviction review"); *Jergens v. Brigano*, 201 F.3d 440, 1999 WL 1204804,

*3 (6th Cir. 1999) ("there is no constitutional right to any state post-conviction process at all...."); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (petitioner did not have constitutional right to counsel on state habeas appeal). Consequently, Plaintiff has no federal due process rights arising from Michigan's habeas or collateral review procedures. *See Boles v. Jackson*, No. 14-14074, 2015 WL 3967559, *2 (E.D. Mich. June 30, 2015) (dismissing prisoner's civil rights case challenging Michigan's state post-conviction review proceedings); *Coleman v. Bergh*, No. 12-10883, 2014 WL 988985, *4 (E.D. Mich. March 13, 2014) (ruling than an infirmity in state post-conviction proceedings does not provide a basis for federal habeas relief because there is no constitutional right to post-conviction review); *see also Carter v. Burns*, No. 3:07-0597, 2008 WL 4525422, *9-10 (M.D. Tenn. Oct. 2, 2008) (dismissing prisoner's civil rights claims contesting Tennessee's post-conviction/collateral review proceedings because there is no constitutional right to such review); *Carter v. McCaleb*, 29 F. Supp. 2d 423, 429 (W.D. Mich. 1998) ("In the absence of a liberty interest, no process is constitutionally due."). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 in his pleadings.

**D.     Eleventh Amendment Immunity**

Plaintiff's complaint is also subject to dismissal, in part, on the basis of immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will*, 491 U.S. at 66. Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State*

*of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*). The Eleventh Amendment, however, does not preclude suits against state defendants for prospective injunctive relief. *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Additionally, Eleventh Amendment applies to state employees, such as the defendant judge, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The 39th Circuit Court and Judge Anzalone are thus entitled to Eleventh Amendment immunity on any claims for relief, other than prospective injunctive relief.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's claims must be dismissed because the 39th Circuit Court is not an entity subject to suit in this action, based upon the *Rooker/Feldman* doctrine, for failure to state a claim upon which relief may be granted, and/or due to Eleventh

Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

    **IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist