UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR STEVENS, #776148,

       Plaintiff,

                                  CASE NO. 2:18-CV-10619
v.                                HONORABLE SEAN F. COX

ANNA ANZALONE and the
39TH CIRCUIT COURT,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff's motion for reconsideration and for relief from judgment brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), respectively, concerning the Court's dismissal of his pro se civil rights complaint, which he brought pursuant to 42 U.S.C. § 1983.

Plaintiff's motion must be denied. First, to the extent that he seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e), he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by a district court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court properly dismissed the complaint for the reasons stated in the dismissal order – because the 39th Circuit Court is not an entity subject to suit in a § 1983 action, based upon the *Rooker/Feldman* doctrine in part, for failure to state a claim upon which relief may be granted, and due to Eleventh Amendment immunity. Plaintiff fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a

different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Second, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Plaintiff makes no such showing. Accordingly, the Court **DENIES** Plaintiff's motion. This case remains closed.

Dated: May 22, 2018
        s/Sean F. Cox
        Sean F. Cox
        U. S. District Judge

I hereby certify that on May 22, 2018, the foregoing document was served on counsel of record via electronic means and upon James Arthur Stevens via First Class mail at the address below:

James Arthur Stevens
776146
GUS HARRISON CORRECTIONAL FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221

        s/J. McCoy
        Case Manager